■ MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant, v PAUL H. THIELMAN et al., Respondents. — Order unanimously reversed, without costs, plaintiff's motion for summary judgment granted and matter remitted to Supreme Court, Erie County, for a hearing to compute interest and counsel fees. Memorandum: On January 31, 1973 the plaintiff, Manufacturers and Traders Trust Co. (Bank) loaned $26,000 to Iron Island Enterprises of Buffalo, Inc. (the Corporation). The loan secured by a mortgage was for a term of five years, to expire on February 1, 1978, with interest at the rate of 10% per annum. Concurrently with the execution thereof, the individual defendants signed a guarantee and indemnity agreement whereby each unconditionally agreed to guarantee payment to the Bank of all of the indebtedness of the Corporation "up to the principal amount of $26,000.00, plus all interest at any time accrued thereon". At the expiration of the term, the Bank, without notice to the individual defendants, continued the loan on a demand basis but, effective May 1, 1981, increased the interest rate to 15½% per annum. When the corporation defaulted under the terms of the mortgage, the Bank commenced this action against the individual defendants based upon their guarantee rather than institute an action to foreclose on the mortgage. The defendants' answer asserted affirmative defenses claiming that the mortgage was unilaterally and substantially modified by the Bank and that this effectively discharged defendants' liability as guarantors. In denying the Bank's motion for summary judgment, Special Term found that the Bank failed to submit any documentation or proof relative to the change in the interest rate to 15½%. Therefore, it determined upon the record before it that there was a discrepancy

which created a number of issues of fact. The increased rate of interest, however, presents no triable issue of fact. Defendants' papers in opposition to the motion include plaintiff's letter of April 30, 1981 to the Corporation advising that the interest rate would be 15½% effective May 1, 1981. The increase in the interest rate does not constitute such a modification as would relieve the individual defendants of their obligation under the guarantee or create a triable issue of fact precluding summary judgment (see *Mastan Co. v Weil,* 84 AD2d 657, 658). The guarantee executed by the individual defendants provides that: "The liability hereunder of the undersigned shall not be impaired, altered or otherwise affected * * * by any renewal, extension, modification, compounding, compromise or discharge of the indebtedness or any part thereof * * * each and all of which the undersigned hereby consents to without notice to the undersigned." Under this provision, the guarantors are bound to satisfy the underlying obligations in spite of modifications to those obligations (*National Bank of North Amer. v Sobel,* 31 AD2d 750, 751). This record clearly establishes that the Bank is entitled to summary judgment (see *American Bank & Trust Co. v Koplik,* 87 AD2d 351). (Appeal from order of Supreme Court, Erie County, Ricotta, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.