KEY BANK, N. A., Appellant-Respondent, v JOHN P. RYAN et al., Respondents, and STEVEN NIEDBALEC, Respondent-Appellant.

Third Department, December 17, 1987

## APPEARANCES OF COUNSEL

*Hiscock & Barclay (Richard L. Weisz* of counsel), for appellant-respondent.

*Maynard, O'Connor & Smith (Adele A. Sheridan* and *James R. Schultz* of counsel), for Joan W. Matson, respondent.

*Frederick M. Altman* for respondent-appellant.

## OPINION OF THE COURT

LEVINE, J.

In October 1983, defendants, each of whom was either an officer or director of Heritage Artists, Ltd., executed and acknowledged an unconditional guarantee of payment of all existing or future extensions of credit by plaintiff to Heritage. The instrument provided that the guarantee was to be a continuing one, but that any individual guarantor could terminate liability as to any new extension of credit by prior notice to plaintiff in writing. It was further specified that the guarantors consented to any alteration, exchange, renewal, extension or release of Heritage's liability, before or after notice of termination, and agreed nevertheless to be bound by the guarantee.

In August 1985, Heritage filed in bankruptcy. Plaintiff then commenced this action under the guarantee against defendants based upon three outstanding debt obligations of Heritage: (1) a promissory note dated July 10, 1985 for $23,312.77, (2) the unpaid balance of $3,568.08 under a cash reserve credit agreement of October 19, 1983, and (3) the proceeds which plaintiff paid on July 27, 1985 on a Heritage check which could not be charged against Heritage's account because of an intervening tax levy.

After each defendant answered, plaintiff moved for summary judgment. Defendant Steven Niedbalec submitted an affidavit in opposition and cross-moved for summary judgment dismissing the complaint against him. Defendant Joan W. Matson submitted an affidavit in opposition and cross-moved for contribution against her codefendants. Defendant John P. Ryan merely submitted an affidavit by his attorney in opposition to plaintiff's motion. Supreme Court held that there were issues of fact concerning the validity and binding effect of the guarantee, notice of termination and implied agreements among the guarantors on their respective liabilities and,

therefore, denied all motions. Only plaintiff and Niedbalec have appealed.

From our reading of the various moving and opposing papers, we conclude that plaintiff's motion should have been granted in all respects against Ryan and that partial summary judgment should have been granted against Niedbalec and Matson imposing liability as to all of the debts of Heritage alleged in the complaint except that arising out of plaintiff's payment of $276.59 on Heritage's check in July 1985.

Plaintiff submitted evidence on the motion in documentary and other admissible form that each defendant was jointly and severally liable on the three debt obligations of Heritage alleged in the complaint. Therefore, each defendant had the burden to submit evidentiary facts raising a triable issue on liability (see, Zuckerman v City of New York, 49 NY2d 557, 560). The attorney's affidavit submitted on behalf of Ryan clearly fails to meet that burden (see, supra, at 563). Matson's affidavit contains averments of an agreement between the guarantors to share liability on a one-third each basis, and that she gave plaintiff notice of termination of her guarantee as to future extensions of credit on June 17, 1985. Any agreement as to which plaintiff was not alleged to have been a party concerning the distribution of liability among the three guarantors would not affect the several liability of defendants for the entire debt, as specified in the guarantee. Moreover, the uncontradicted proof was that Heritage's unpaid debt under the promissory note and the cash reserve credit agreement predated Matson's notice of termination. Therefore, plaintiff was entitled to summary judgment against Matson on those obligations.

Niedbalec, in his affidavits in opposition and in support of his cross motion, averred that Ryan procured his signature to the guarantee by misrepresenting that the document was a corporate banking resolution and concealing that portion of it which indicated its true nature. Further, Niedbalec stated that he resigned as an officer (treasurer) of Heritage effective September 1, 1984 and gave plaintiff prompt notice thereof in a letter that also requested that he be removed as an authorized checksigner of the corporation. Niedbalec also attached to his affidavit a letter to plaintiff dated March 27, 1985 in which he disclaimed all liability under the guarantee by

reason of the aforesaid fraud of Ryan in procuring his signature thereto. Not a scintilla of evidence has been submitted that plaintiff in any way participated in any fraud allegedly perpetrated by Ryan, that Niedbalec was suffering from any disability which would have rendered him incapable of reading or understanding the instrument which was physically presented to him, or to support his conclusory allegation that Ryan was acting as plaintiff's agent in the transaction. Accordingly, Niedbalec has failed to raise any triable issue concerning the binding effect of the guarantee as between him and plaintiff (see, Sterling Natl. Bank & Trust Co. v I.S.A. Merchandising Corp., 91 AD2d 571, 572; Union Natl. Bank v Schurm, 87 AD2d 682, 683; cf., National Bank v Chu, 64 AD2d 573, 575 [dissenting opn], revd on dissenting opn below 47 NY2d 946).

The notification that Niedbalec had resigned as an officer of Heritage and, therefore, presumably was no longer directly involved in Heritage's business operations, was ineffectual to terminate his liability under the guarantee in the absence of express notification of such termination as required by the terms of the instrument (see, Chemical Bank v Sepler, 60 NY2d 289, 294). To the extent that his letter of March 27, 1985 to plaintiff, challenging the validity of the guarantee, might be deemed notice of termination of his liability, the evidence again is uncontradicted that the claimed unpaid balance on the cash reserve agreement existed before that letter. There was also unchallenged documentary evidence that the note sued upon represented nothing more than a renewal of a note dated March 8, 1985. Under the guarantee instrument, the guarantors waived any objection to liability based upon such renewal or lack of notice thereof. Therefore, Niedbalec remained liable on the underlying obligation despite whatever effect might be given to his March 27, 1985 letter as notice of termination (see, Manufacturers & Traders Trust Co. v Thielman, 92 AD2d 742, 743). A question of fact is presented, however, as to whether that letter insulated Niedbalec from liability on the subsequently negotiated Heritage check.

MAHONEY, P. J., KANE, WEISS and MIKOLL, JJ., concur.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment in its entirety; grant plaintiff summary judgment

against defendant John P. Ryan for the full amount demanded in the complaint, and partial summary judgment against defendants Joan W. Matson and Steven Niedbalec for the sums of $23,312.77 with interest from August 9, 1985, and $3,568.08 with interest from August 23, 1985; and, as so modified, affirmed.