Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.

KATHERINE B. LAMBERSON et al., Respondents, v VILLAGE OF ALLEGANY, Appellant.—

The files of a liability insurance carrier are deemed to be material prepared for litigation whether the material was prepared before or after suit commences and are protected from disclosure pursuant to CPLR 3101 (d) (2). "Whether a claim is accepted or rejected [by the liability carrier] in advance of litigation, or must be resolved in the litigation process, is incidental to the ultimate purpose of protecting the insured from liability for payment under an enforcable judgment. In consequence, once an accident has arisen there is little or nothing that the insurer or its employees do with respect to an accident report except in contemplation and in preparation for eventual litigation or for a settlement which may avoid the necessity of litigation." (*Kandel v Tocher*, 22 AD2d 513, 515; *see also, Finegold v Lewis*, 22 AD2d 447; *Parker v New York Tel. Co.*, 24 AD2d 1067; *Mosier v Van Der Horst Research Corp.*, 25 AD2d 938.)

Because the files of the Hartford are deemed to be matters prepared for litigation, and because plaintiffs have not alleged any exceptions justifying the disclosure of such material *(see,* CPLR 3101 [d] [2]), the court improperly directed the disclosure of the files of the Hartford Insurance Company. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J. —discovery.) Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.