■ LINDA DESSER, as Executrix of ARTHUR DESSER, Deceased, Appellant, v IRVING SCHATZ et al., Respondents.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered October 10, 1990, which granted the motions and cross-motions of all defendants to dismiss the complaint, unanimously reversed, on the law, the motions denied, and the complaint reinstated, without costs.

On or about December 14, 1970, Milton Sheen and Irving Schatz duly executed a purchase money mortgage on Manhattan real estate known as the Henry Hudson Hotel to Arthur Desser for $427,275, together with a bond payable in 12 years. On July 6, 1971, Desser assigned that same purchase money mortgage to Security National Bank ("Security") as collateral for an unrelated $185,000 personal loan. Upon Desser's death in 1973, his interest in the purchase money mortgage passed to plaintiff as his executrix. On June 29, 1973, Security's loan

to Desser was paid in full, but Security failed to deliver the purchase money mortgage to plaintiff.

In 1974, plaintiff brought her action to foreclose the purchase money mortgage. Security, a party defendant in the foreclosure action, alleged in its answer that "[o]n or about June 29, 1973, the principal amount of said loan, together with all interest due to Security upon said loan, were paid to Security." By order dated June 17, 1974, all further foreclosure proceedings have been stayed pending compliance by plaintiff with the provisions of EPTL 13-3.5. Sometime after the stay order, defendant Chemical Bank, N.A. ("Chemical") succeeded to the rights of Security and came into possession of the purchase money mortgage.

The complaint alleges that in November 1983, in connection with the sale of (now decedent) Sheen's interest in the Henry Hudson Hotel to Schatz, Sheen's representatives and Schatz fraudulently represented to Chemical that the purchase money mortgage had been paid in full, and thus induced Chemical to issue a satisfaction of the mortgage wrongfully extinguishing plaintiff's interest therein. Plaintiff demands judgment vacating the false satisfaction piece, with related declaratory relief.

The motion court correctly acknowledged that "plaintiff's allegation that Chemical issued a mortgage satisfaction based on false information that the mortgage had been paid" would state a cause of action for cancellation or vacatur of the satisfaction, since "a fraudulently obtained satisfaction of mortgage may be set aside and the mortgage restored as a valid lien" (Goldstein v Gold, 106 AD2d 100, 101, affd 66 NY2d 624). Nonetheless, the court dismissed the complaint as facially deficient in three respects: (i) fraud was not alleged with sufficient particularity as required by CPLR 3016 (b); (ii) because Desser's original assignment to Security had not been "rescinded", plaintiff could not establish that she was the holder of the allegedly imposed mortgage; and (iii) the 16-year delay in prosecution of the mortgage foreclosure action rendered its viability (and therefore, presumably, the viability of this action) doubtful. These rulings were erroneous for the following reasons:

(i) The particularity of the fraudulent representation here complained of is stated with compelling clarity: that defendants Schatz and Sheen's representatives falsely stated to Chemical that a mortgage was fully paid up when it was not. Scienter is expressly alleged. Reliance by Chemical, to the clear detriment of plaintiff, is manifest, and it is of no mo-

ment, in this context, that the false representation was not made directly to plaintiff *(Eaton, Cole & Burnham Co. v Avery,* 83 NY 31; *Cooper v Weissblatt,* 154 Misc 522; 60 NY Jur 2d, Fraud and Deceit, § 117). Hence the five elements of a valid cause of action appear within the four corners of the complaint *(Meese v Miller,* 79 AD2d 237). Greater particularity than the allegation of the complaint, as amplified by the bill of particulars, should not be required in light of the fact that the circumstances of the satisfaction's issuance by Chemical are peculiarly within the knowledge of defendants *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194).

(ii) The court further erred in concluding that plaintiff was not a holder of the mortgage, and therefore lacked standing to maintain the action in the absence of a rescission of Desser's assignment to Security. Under New York law, an assignment of a mortgage as collateral security results in a pledge, not a sale, of the bond and mortgage, and the assignee acquires a defeasible title thereto, subject to termination upon payment of the debt for which the mortgage was assigned as security (78 NY Jur 2d, Mortgages and Deeds of Trust, § 253). That defeasible title "ends upon payment of the debt, leaving the ownership in the assignor precisely as if no transfer had been made" *(Matter of Gilbert,* 104 NY 200, 211).

(iii) It was also error for the court to base its dismissal upon speculation that the foreclosure action, in view of the long delay in its prosecution, may no longer be "viable". That action has not been dismissed, but merely stayed. If plaintiff is barred by laches, that is a matter of defense, not affecting the sufficiency of the complaint. For aught that appears, should plaintiff succeed in this action, the foreclosure action may ipso facto become viable. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.