■ KAROUZIN MARDIROS, Respondent, v NABIL GHALY et al., Appellants. [614 NYS2d 435] —In an action for the imposition of a constructive trust, the defendants appeal, as limited by their

notice of appeal and brief, from stated portions of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 9, 1993, which, *inter alia,* denied their motion to strike the action from the trial calendar, to vacate the note of issue, and for leave to renew their motion for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the defendants have had ample opportunity to complete discovery. Therefore, that branch of their motion which was to vacate the note of issue and to strike the action from the trial calendar was properly denied.

It is well established that materials that were prepared in anticipation of litigation are not discoverable unless the party seeking discovery can show that he or she has substantial need of the materials and is unable without undue hardship to obtain the substantial equivalent of the material by other means *(see,* CPLR 3101 [d] [2]; *see also, Harris v Processed Wood,* 89 AD2d 220).

In the instant case, the defendants cannot make such a showing of need, since they had three years in which to depose the witnesses who had knowledge of the information the defendants sought. In addition, by order dated October 13, 1992, the Supreme Court granted the plaintiff's motion for a protective order with respect to the bank statements the defendants sought to discover. No appeal was taken from that order.

We also find that the Supreme Court properly denied renewal of their motion for summary judgment *(see,* CPLR 2221; *see also, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819).

In light of this determination, we need not reach the defendants' remaining contentions. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.