■ BERNARD LILING, Respondent, v CLEMENT SEGAL et al., Appellants. [633 NYS2d 199] —In an action to recover damages for breach of contract and fraud, the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), dated November 15, 1994, which denied their motion pursuant to CPLR 3211 to dismiss the action on the ground, *inter alia,* that it was barred by a general release.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The gravamen of the plaintiff's complaint is that the defendants, who were his law partners until August 1984, breached a partnership agreement with him. The partnership agreement is dated March 15, 1984, and the plaintiff acknowledges that over five years later, in 1989, he signed a general release, releasing the defendants of all liability to him.

The plaintiff claims that the general release should be set aside on the ground of fraud. He bases his claim of fraud on an allegation in his complaint that "defendant Clement Segal represented to plaintiff that the aforementioned partnership agreement had not been executed by defendants, and was therefore unenforceable". It is not specified when this representation was made, nor whether it was false when made. In an affidavit in opposition to the defendants' motion to dismiss the action, the plaintiff, elaborating on that allegation, states that "I was brushed off by Segal, and ultimately left with the impression that the agreement was nothing more than a myth—something promised but not to be delivered".

In fact, the fully-executed partnership agreement was delivered to the plaintiff by the defendants. The plaintiff acknowledges in his complaint that such was the case, but claims he was never advised "of such delivery". According to the plaintiff, he did not realize he had the partnership agreement until September 1993 when "I found the fully signed partnership agreement in a 'junk file' which I had taken from my office when I left the partnership in 1984. Given the value of said agreement, I would not only remember receiving it but also putting it safely away. The partnership agreement was placed in my office 'junk file' without my knowledge with the result that I did not and could not consider it when I signed the General Release in favor of the defendants".

In the order appealed from, the defendants' motion to dismiss the action was denied, on the ground that the "plaintiff alleges that the general release executed by the parties was procured by fraud". We reverse.

It is well settled that a general release "is a jural act of high significance without which the settlement of disputes would be rendered all but impossible. It should never be converted into a starting point for renewal litigation except under circumstances and under rules which would render any other result a grave injustice" (*Mangini v McClurg,* 24 NY2d 556, 563). Further, "it is not a prerequisite to the enforceability of a release that the releasor be subjectively aware of the precise claim he

or she is releasing" *(Mergler v Crystal Props. Assocs.,* 179 AD2d 177, 180).

A party seeking to set aside a release on the ground of fraud bears the burden of establishing "a material misrepresentation of fact, made with knowledge of its falsity, with intent to deceive, justifiable reliance and damages" *(Mergler v Crystal Props. Assocs., supra,* at 181). The plaintiff's allegations of fraud, are, on their face, insufficient. There is no allegation as to when the defendant Segal stated that the agreement had not been signed, and whether that statement was false when made. Further, any claim that the defendants harbored an intent to deceive is belied by the undisputed fact that they delivered a fully-signed partnership agreement to the plaintiff. Since the plaintiff, an attorney, was in possession of the partnership agreement for years, his purported reliance on the defendants' assertions that the agreement was unenforceable is unjustifiable as a matter of law *(see, Curran, Cooney, Penney v Young & Koomans,* 183 AD2d 742, 744; *Mergler v Crystal Props. Assocs., supra,* at 182).

Accordingly, the action is dismissed on the ground that it is barred by the general release the plaintiff executed in 1989 *(see,* CPLR 3211 [a] [5]).

However, in the exercise of our discretion, we decline to impose sanctions upon the plaintiff *(see, Farca v Farca,* 216 AD2d 520). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.