■ ALEKSANDRA DEMPSKI et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents. [672 NYS2d 159] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of plaintiffs' discovery motion seeking to compel production of all pleadings against defendant State Farm Mutual Automobile Insurance Company (State Farm) "in actions seeking to set aside Releases for cases brought in the [Eighth] Judicial

District of New York State from 1988 to present" and letters sent to State Farm claim offices in the Eighth Judicial District from 1990 to the present asserting that State Farm representatives "engaged in fraudulent or other improper activities in the settlement of claims." "A party's right to discovery is not unlimited * * * and may be curtailed where it may become an unreasonable annoyance and tend to harass and overburden the other party" (*Conrad v Park*, 204 AD2d 1011, 1012). Moreover, plaintiffs' unsubstantiated allegation of relevancy is insufficient to establish the factual predicate regarding relevancy (*see, Crazytown Furniture v Brooklyn Union Gas Co.*, 150 AD2d 420, 421). Furthermore, the complaint "do[es] not contain 'sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public' " (*Senior v Manufacturers Hanover Trust Co.*, 110 AD2d 833).

The court erred, however, in denying that part of plaintiffs' motion for an in camera inspection of the adjuster's notes, beginning with the filing of the claim until the signing of the release, and we modify the order by granting that part of plaintiffs' motion. Although the adjuster's notes were unquestionably prepared in contemplation of litigation, plaintiffs have demonstrated their substantial need for the notes in preparation of their case and that the notes or their equivalent are not otherwise obtainable by them (*see*, CPLR 3101 [d] [2]; *DiMichel v South Buffalo Ry. Co.*, 80 NY2d 184, 196; *Mardiros v Ghaly*, 206 AD2d 413, 414). (Appeal from Order of Supreme Court, Genesee County, Dillon, J.—Discovery.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ. (Filed Mar. 16, 1998.)