■ BOULEVARD MALL, L.L.C., Appellant, v CHRISTOPHER KNIGHT et al., Respondents. [755 NYS2d 133] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered July 2, 2001, which, inter alia, denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiff's motion seeking summary judgment against defendant Christopher Knight and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of a written lease, guaranty and amendments to those documents. Defendant Christopher Knight answered the complaint, but defendant Avenida Plaza, Inc. (Avenida) did not. Plaintiff moved for summary judgment, and defendants cross-moved for leave for Knight to serve an amended answer, leave for Avenida to serve an answer and summary judgment dismissing the complaint. In denying plaintiff's motion, Supreme Court wrote that defendants raised a factual issue sufficient to preclude summary judgment. Although the decision and order (one document) recites that the cross motion of defendants is granted, the decision and order describes the cross motion only as seeking "leave to file an Amended Answer." We therefore construe the decision and order as granting only that part of the cross motion seeking leave for Knight to serve an amended answer. Indeed, to construe the order as granting that part of defendants' cross motion seeking summary judgment would be inconsistent with the court's statement that defendants had raised an issue of fact precluding summary judgment. In any event, because a failure to rule is deemed a denial (*see Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864), we further conclude that the court's failure to rule upon those parts of the cross motion seeking summary judgment and leave for Avenida to serve an answer constituted a denial of those parts of the cross motion.

Contrary to plaintiff's contention, the court properly denied that part of plaintiff's motion seeking summary judgment against Avenida. Because issue had not been joined in the action against Avenida, summary judgment could not be granted against it (*see* CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101).

We agree with plaintiff, however, that the court erred in denying that part of its motion seeking summary judgment against Knight. Knight, the president and sole shareholder of Avenida, executed a guaranty for Avenida's lease at plaintiff mall. When Avenida fell behind in rent, three subsequent agreements were signed by Knight. The first two of those three agreements were signed by Knight individually and in his capacity as president of Avenida. The first agreement, referred to as Amendment of Lease, limited the obligations of the

guarantor to payment of rent, additional charges, and other sums required under the lease during the first lease year, and the tenant and guarantor specifically agreed to pay arrearages of $26,966.57. The second agreement, referred to as Second Amendment of Lease, recited that the guaranty was for one year. The third agreement, referred to as the Payment Plan Agreement, was signed by Knight only in his capacity as president of Avenida and released the parties to the agreement from certain claims.

Knight contends that there are issues of fact whether his original guaranty survived the three subsequent agreements amending the terms of the guaranty and whether oral modifications cancelled his guaranty and the two subsequent agreements signed by Knight individually and in his capacity as president of Avenida. He also contends that modifications made by the Payment Plan Agreement between plaintiff and Avenida discharged his obligations as guarantor because he signed that agreement only in his capacity as president of Avenida and never consented to that agreement in his individual capacity. Those contentions lack merit. The original guaranty provided that it was "absolute and unconditional and shall remain and continue in full force and effect as to any amendment, modification, renewal or extension of the within Lease, to all of which the undersigned hereby consents in advance." "A guarantor is not relieved of his obligations where, as here, the written guarant[y] allows for changes in the terms of the guarant[y] and expressly waives notice to the guarantor of these changes" (*White Rose Food v Saleh,* 292 AD2d 377, 378; *see Bank of N.Y. v CMS Funding,* 201 AD2d 602, 603; *Manufacturers & Traders Trust Co. v Thielman,* 92 AD2d 742, 743). Nothing in the amended answer that the court permitted Knight to serve affects our decision herein. We therefore modify the order by granting that part of plaintiff's motion seeking summary judgment against Knight. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.