■ BUFFALO AND ERIE COUNTY REGIONAL DEVELOPMENT CORPORATION, Respondent, v WORLD AUTO PARTS, INC., et al., Defendants, and MARTA CHAIKOVSKA, Appellant. [761 NYS2d 893] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered June 7, 2002, which granted the motion of plaintiff for summary judgment against defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff made a $450,000 loan to defendant World Auto Parts, Inc. (World Auto Parts) that was guaranteed by defendants Marta Chaikovska and Bighorn Core, Ltd. (Bighorn Core). The loan was evidenced by a note dated June 17, 1998. At the time of the loan, Chaikovska was the chief executive officer of World Auto Parts and president of Bighorn Core. The loan was secured by certain property that had already been pledged as security for a separate loan to World Auto Parts by Chase Manhattan Bank (Chase). Prior to entering into the June 17, 1998 loan with World Auto Parts, plaintiff entered into an Intercreditor Agreement with Chase, specifying that plaintiff's interest in the collateral was subordinate to that of Chase. Subsequently, World Auto Parts defaulted on both loans and Chase sold the collateral. The proceeds generated by the sale, however, were insufficient to cover the bal-

ance remaining on the loan from Chase and thus insufficient to cover any of the balance remaining on plaintiff's note. As a result, plaintiff commenced this action to recover on the note and guaranties. Supreme Court granted plaintiff's motion for summary judgment against all defendants, and only Chaikovska appeals.

We agree with the court that plaintiff established its entitlement to summary judgment against Chaikovska by submitting the unconditional guaranty signed by her, proof of the underlying debt and proof of Chaikovska's failure to perform under the guaranty (*see City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1998]; *see also Chrysler Credit Corp. v Mitchell*, 94 AD2d 971 [1983]). The burden then shifted to Chaikovska to raise a material issue of fact precluding summary judgment (*see Streng Oldsmobile v Fleet Bank of N.Y.*, 245 AD2d 1032, 1033-1034 [1997]). We reject Chaikovska's contention that there is an issue of fact with respect to the amount recoverable under the guaranty. That contention is premised on the assertion that the Intercreditor Agreement established an agency relationship between plaintiff and Chase that would somehow bar plaintiff's recovery to the extent that Chase failed to act in a commercially reasonable manner in the sale of the collateral. However, "[a]gency is a fiduciary relationship" (*Broyles & Broyles v Rainbow Sq.*, 125 AD2d 933, 934 [1986]), and, contrary to Chaikovska's contention, "[t]he legal relationship between [plaintiff and Chase] is a contractual one," which established merely the priority of the security interests, "and not a fiduciary relationship" (*Marine Midland Bank v Yoruk*, 242 AD2d 932, 933 [1997]). Absent a fiduciary relationship, Chaikovska's contention regarding plaintiff's duty under article 3 of the Uniform Commercial Code also lacks merit. Thus, Chaikovska failed to raise a triable issue of fact, and the court properly granted plaintiff's motion for summary judgment. Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.