■ NANCY LYNCH, Plaintiff, v ANTHONY W. VOLLONO et al., Defendants. (Action No. 1.) DEBORAH MADIA, Respondent, v TOWN OF OYSTER BAY et al., Defendants, and NANCY LYNCH, Also Known as NANCY BORGESE, Appellant. (Action No. 2.) (And Another Title.) [774 NYS2d 433]—

In related actions, inter alia, to recover damages for personal injuries, which were joined for trial, Nancy Lynch, also known as Nancy Borgese, a defendant in Action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered September 22, 2003, as denied her motion to vacate the note of issue in Action No. 2 and to compel further discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the note of issue is vacated, and the plaintiff in Action No. 2 is directed to comply with all of the appellant's outstanding discovery demands.

"A note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts, such as that discovery has been completed" (*Drapaniotis v 36-08 33rd St. Corp.*, 288 AD2d 254 [2001]). The plaintiff in Action No. 2 (hereinafter the plaintiff) did not dispute the claim asserted by the appellant in support of her motion, to the effect that discovery in this matter was incomplete. Thus, the note of issue should have been vacated and the plaintiff directed to comply with the appellant's outstanding discovery demands. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.