■ Florence Seff et al., Respondents, v Meltzer, Lippe, Goldstein & Schlissel, P.C., et al., Appellants, et al., Defendant. [865 NYS2d 323]—

In an action, inter alia, to recover damages for breach of fiduciary duty and defamation, the defendants Meltzer, Lippe, Goldstein & Schlissel, P.C., and David L. Schaffer appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated March 6, 2007, as denied those branches of their motion which were pursuant to CPLR 3016 (b) to dismiss the complaint insofar as asserted against them and for summary judgment dismissing the complaint insofar as asserted against them, based on a release and the defendant Barbara Greenberg separately appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her based on a release.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the respective motions of the defendants Meltzer, Lippe, Goldstein & Schlissel, P.C., and David L. Schaffer, and the defendant Barbara Greenberg which were for summary judgment dismissing the complaint insofar as asserted against each of them are granted, and that branch of the motion of the defendants Meltzer, Lippe, Goldstein & Schlissel, P.C., and David L. Schaffer which was pursuant to CPLR 3016 (b) to dismiss the complaint insofar as asserted against them is denied as academic.

The plaintiffs Florence Seff and Precise Reporting, Inc. (hereinafter the plaintiffs), commenced this action, inter alia, to recover damages for breach of fiduciary duty and defamation, asserting causes of action against the defendants Meltzer, Lippe, Goldstein & Schlissel, P.C., David L. Schaffer, and Barbara Greenberg (hereinafter collectively the defendants). The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiffs executed general releases in their favor, which barred the instant action as to them (*see* CPLR 3211 [a] [5]). "A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake" (*Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]; *see Mangini v McClurg*, 24 NY2d 556, 563 [1969]; *Haynes v Garez*, 304 AD2d 714, 715 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658, 659 [2004]). Furthermore, contrary to

the plaintiffs' contention, the branches of the defendants' motions predicated on the releases did not offend the rule against successive motions for summary judgment (*see Staib v City of New York*, 289 AD2d 560, 561 [2001]).

Accordingly, those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, and which were based on the releases, should have been granted.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.