■ ANDREA SAVIN et al., Respondents, v BROOKLYN MARINE PARK DEVELOPMENT CORP. et al., Appellants, et al., Defendants.
[878 NYS2d 178]—

In an action, inter alia, to recover damages for personal injuries, the defendants Brooklyn Marine Park Development Corp., Delkap Management, Inc., Corp., The Board of Directors of Brooklyn Marine Park Development Corp., Walter Fraza, Harold Toffel, Sol Melzack, Edward Spitz, Joan Resta, and Mike Walsh appeal (1) from an order of the Supreme Court, Kings County (Bayne, J.), dated October 24, 2007, which, in effect, denied their motion to vacate the note of issue filed by the plaintiffs and extend their time to move for summary judgment and granted the plaintiffs' cross motion pursuant to CPLR 3126 to strike their answer, and (2), as limited by their brief, from so much of an order of the same court dated May 30, 2008, as denied that branch of their motion which was for leave to renew their opposition to the plaintiffs' cross motion pursuant to CPLR 3126 to strike their answer.

Ordered that the order dated October 24, 2007, is affirmed; and it is further,

Ordered that the order dated May 30, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

"Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court. A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (*Duncan v Hebb*, 47 AD3d 871, 871 [2008] [internal quotation marks and citation omitted]). Although actions should be resolved on the merits whenever possible, where the conduct of the resisting party is shown to be willful and contumacious, the striking of a pleading is warranted (*see Martin v City of New York*, 46 AD3d 635 [2007]; *Maiorino v City of New York*, 39 AD3d 601 [2007]). "Willful and contumacious conduct may be

inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply" (*Duncan v Hebb,* 47 AD3d at 871 [internal quotations marks and citations omitted]; *see Allen v Calleja,* 56 AD3d 497 [2008]).

Here, the Supreme Court did not improvidently exercise its discretion in striking the appellants' answer. The appellants repeatedly failed to comply with court orders directing the production of discovery documents and witnesses for examinations before trial, and failed to provide reasonable excuses to justify those failures.

The Supreme Court also did not improvidently exercise its discretion in denying that branch of the appellants' motion which was to vacate the note of issue filed by the plaintiffs and extend their time to move for summary judgment. The certificate of readiness contained no misstatements or material errors and it was the appellants' own failures to timely comply with court orders and discovery demands that delayed the completion of discovery (*see Lynch v Vollono,* 6 AD3d 505 [2004]; *Ford v J.R.D. Mgt. Corp.,* 238 AD2d 307 [1997]; *Mardiros v Ghaly,* 206 AD2d 413, 414 [1994]).

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew their opposition to the plaintiffs' cross motion to strike their answer. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Chernysheva v Pinchuck,* 57 AD3d 936 [2008]; *Dinten-Quiros v Brown,* 49 AD3d 588 [2008]; *Madison v Tahir,* 45 AD3d 744 [2007]). Here, the appellants did not provide a reasonable justification for their failure to present the new facts on the original motion. Moreover, the materials submitted in support of that branch of the appellants' motion which was for leave to renew would not have altered the court's original determination.

The appellants' remaining contentions are either not properly before this Court or without merit. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.