■ VASILIY P. LITVINOV, Respondent, v EILEEN M. HODSON et al., Defendants, and JACK FOY et al., Appellants. [905 NYS2d 400]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 24, 2009 in a personal *injury* action. The order, among other things, denied the cross motion of defendants Jack Foy and New York Central Mutual Fire Insurance Company for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is modified on the law by denying the motion in part and granting the cross motion in part and vacating the directive to disclose documents prepared after September 29, 2003, and by providing that the directive to disclose documents prepared on or before September 29, 2003 is subject to an in camera review of those documents and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiff was injured in July 2003 when he fell while working on a porch located on rental property owned by defendants Eileen M. Hodson and Jeremy L. Hodson and managed by defendant Charles Renna. The property was insured under a commercial insurance policy issued by defendant New York Central Mutual Fire Insurance Company (NYCM). At the time of the accident, plaintiff was employed by Richard J. Laspro, doing business as Home Club of America. After the accident, NYCM instructed defendant Jack Foy to investigate and possibly settle plaintiff's claims arising from the accident. On September 29, 2003, plaintiff signed a release with respect to all claims against the Hodsons and Renna in exchange for $4,000. Thereafter, plaintiff commenced this action seeking, inter alia, rescission of the release based on fraud on the part of Foy and NYCM.

We conclude that Supreme Court properly denied the cross motion of Foy and NYCM for summary judgment dismissing the complaint against them inasmuch as there is an issue of fact whether the release was indeed procured by fraud. It is well established that "a general release is governed by principles of contract law" (*Mangini v McClurg*, 24 NY2d 556, 562 [1969]), and that a release " 'should not be set aside unless plaintiff demonstrates duress, illegality, fraud, or mutual mistake' " (*Schroeder v Connelly*, 46 AD3d 1439, 1440 [2007]). Although there is no evidence in the record that Foy made any false statements directly to plaintiff, "it is not essential that a representation should be addressed directly to the party who seeks a remedy for having been deceived and defrauded by means thereof" (*Eaton Cole & Burnham Co. v Avery*, 83 NY 31, 33-34 [1880]; *see Desser v Schatz*, 182 AD2d 478, 479-480 [1992]; *John Blair Communications v Reliance Capital Group*, 157 AD2d 490, 492 [1990]). Rather, fraud may be found " 'where a false representation is made to a third party, resulting in injury to the plaintiff' " (*Ruffing v Union Carbide Corp.*, 308 AD2d 526, 528 [2003]).

Here, even assuming, arguendo, that Foy and NYCM met their initial burden on the cross motion, we conclude that

plaintiff raised a triable issue of fact whether Foy made false representations to plaintiff's employer, Laspro, for the purpose of inducing plaintiff's detrimental reliance on those representations (*see Eaton Cole & Burnham Co.*, 83 NY at 35-36). Although Laspro was not an actual agent of NYCM or plaintiff, Foy knew that Laspro was acting as an intermediary between plaintiff and NYCM, as evidenced by the fact that the two meetings between Foy and plaintiff were set up by Foy through Laspro and took place at Laspro's residence. Laspro testified at his deposition that Foy told him, inter alia, that NYCM had no liability with respect to plaintiff's accident, that plaintiff did not need an attorney, and that the $4,000 paid by NYCM to plaintiff would be in addition to workers' compensation payments. It is undisputed that Laspro relayed that information to plaintiff before the release was signed.

We further conclude that the court erred in denying in its entirety the cross motion of Foy and NYCM with respect to the alternative relief sought by them, i.e., a protective order concerning the information sought in plaintiff's motion to compel disclosure, including the entire claim file of NYCM. It is well established that an insurance company's claim file is conditionally exempt from disclosure as material prepared in anticipation of litigation (*see* CPLR 3101 [d] [2]; *Lamberson v Village of Allegany*, 158 AD2d 943 [1990]). Nevertheless, material prepared in anticipation of litigation may be subject to disclosure upon a showing of substantial need and the inability "without undue hardship to obtain the substantial equivalent" of the material from another source (CPLR 3101 [d] [2]) and, here, plaintiff made such a showing (*see Dempski v State Farm Mut. Auto. Ins. Co.*, 249 AD2d 895, 896 [1998]). In order to establish his entitlement to rescission of the release based on fraud, plaintiff must establish, inter alia, a material misrepresentation of fact and defendants' knowledge of its falsity with intent to deceive (*see Liling v Segal*, 220 AD2d 724, 726 [1995]). The handwritten notes made by Foy in the claim file may be the only direct evidence of his state of mind with respect to the release, particularly in light of the fact that he testified at his deposition that he could not recall the specifics of his conversations with plaintiff or Laspro (*see Gaglia v Wells*, 112 AD2d 138, 139 [1985]; *cf. Ainsworth v Union Free School Dist. No. 2, Queensbury*, 38 AD2d 770, 771 [1972]). In addition, we note that the attorney representing Foy directed him at his deposition not to answer questions concerning his evaluation of plaintiff's claims or the reasonableness of the settlement amount. Moreover, plaintiff is unable to obtain those notes from any other source (*see Dempski*, 249 AD2d at 896).

We thus conclude that the court should have granted in part the cross motion of Foy and NYCM and should have denied in part plaintiff's motion to compel disclosure inasmuch as the motion is overly broad to the extent that it sought NYCM's entire claim file. Plaintiff is entitled only to documents in the claim file that were prepared from the date of the accident until and including the date of execution of the release, because anything prepared for the claim file after the release was executed is not relevant to plaintiff's claims (*see id.*). We therefore modify the order accordingly, and we remit the matter to Supreme Court for an in camera review of those documents prepared on or before the date of execution of the release to determine what documents are material and necessary in the prosecution of plaintiff's action and what documents, if any, should be shielded from disclosure on the ground of privilege (*see* CPLR 3101 [d] [2]; *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [1991]).

All concur except Scudder, P.J., and Smith, J., who dissent and vote to reverse in accordance with the following memorandum.

Scudder, P.J., and Smith, J. (dissenting). We respectfully dissent. Unlike the majority, we would grant the cross motion of New York Central Mutual Fire Insurance Company and its agent, Jack Foy (collectively, defendants), for summary judgment dismissing the complaint against them.

Several months after injuring his arm in an accident at the home of defendants Eileen M. Hodson and Jeremy L. Hodson, plaintiff signed a release of all claims against the Hodsons arising from the accident. During his deposition testimony, plaintiff acknowledged that he read and understood the entire release before signing it, i.e., he understood that by signing it he would receive $4,000, and he admitted that he received that sum of money.

"Where, as here, the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *see Mangini v McClurg*, 24 NY2d 556, 563-564 [1969]; *Marlowe v Muhlnickel*, 294 AD2d 830, 831 [2002]). A release "should never be converted into a starting point for renewed litigation except under circumstances and under rules which would render any other result a grave injustice. It is for this reason that the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake, must be established or else the release stands" (*Mangini*, 24 NY2d at 563). Here, we reject the contention of plaintiff that his consent was the result of mutual mistake, mistake on his own part, or fraud and misrepresentation on the part of Foy.

With respect to plaintiff's allegation of mutual mistake, we note the well-established principle that a "contract or stipulation entered into under a mutual mistake of fact is subject to rescission if such mutual mistake existed at the time the contract was entered into and is so substantial that the agreement does not represent a true meeting of the parties' minds" (*Carney v Carozza*, 16 AD3d 867, 868-869 [2005]). We conclude, however, that plaintiff failed to establish that such a mistake existed inasmuch as, in support of that contention, he alleges only that he now believes that his claim is worth more than he received, and that he did not know that his workers' compensation carrier would assert a claim against the settlement proceeds. Those allegations do not concern mutual mistake but, rather, they concern an alleged unilateral mistake on the part of plaintiff, and those allegations in any event also are insufficient to raise an issue of fact whether the release should be rescinded based on plaintiff's unilateral mistake. The fact that plaintiff "may not have understood collateral consequences of the release without pursuing the matter further with his workers' compensation insurer is of no moment insofar as [defendants are] concerned" (*Elliott v Gehen*, 105 AD2d 1112, 1113 [1984], *affd* 64 NY2d 832 [1985]), and "plaintiff cannot avoid the release by now claiming that he did not understand its terms" (*Finklea v Heim*, 262 AD2d 1056, 1057 [1999]). It is well settled that "a mere unilateral mistake on the part of [plaintiff] with respect to the meaning and effect of the release . . . does not constitute an adequate basis for invalidating a clear, unambiguous and validly executed release" (*Booth*, 242 AD2d 921, 922, *affd* 92 NY2d 934).

Plaintiff's allegations of fraud and misrepresentation on the part of Foy are similarly insufficient to raise an issue of fact whether the release should be rescinded. "A party seeking to set aside a release on the ground of fraud bears the burden of establishing 'a material misrepresentation of fact, made with knowledge of its falsity, with intent to deceive, justifiable reliance and damages' . . . The plaintiff's allegations of fraud[ ] are, on their face, insufficient" (*Liling v Segal*, 220 AD2d 724, 726 [1995]). Here, "[t]he fraudulent misrepresentations alleged by [plaintiff] were not made by [defendants] and [plaintiff has] produced no evidence that [defendants] participated in the alleged fraud" (*Downes v Aran*, 229 AD2d 1025 [1996], *lv dismissed in part and denied in part* 89 NY2d 911 [1996]; *see Key Bank v Ryan*, 132 AD2d 220, 222-223 [1987]). Finally, although "a unilateral mistake induced by fraud will support a claim for rescission . . . , plaintiff's claims of fraud are insufficient, as previously noted" (*Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369-370 [2007]).

Consequently, inasmuch as defendants met their initial burden with respect to the validity of the general release and plaintiff failed to raise a triable issue of fact, Supreme Court erred in denying the cross motion of defendants for summary judgment dismissing the complaint against them (*see Seff v Meltzer, Lippe, Goldstein & Schlissel, P.C.*, 55 AD3d 592 [2008]; *Marlowe*, 294 AD2d at 831). In view of our determination with respect to the cross motion, we conclude that plaintiff's motion to compel disclosure with respect to defendants is moot. We therefore would reverse the order, grant the cross motion, dismiss the complaint against defendants, and dismiss plaintiff's motion. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.