Merchants Preferred Ins. Co. v Campbell (2022 NY Slip Op 06370)

Merchants Preferred Ins. Co. v Campbell

2022 NY Slip Op 06370

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

792 CA 22-00245

[*1]MERCHANTS PREFERRED INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v
JUNIOR M. CAMPBELL, DOING BUSINESS AS JMC QUALITY AIR, ET AL., DEFENDANTS, AND ROSE CHARLEUS, DEFENDANT-RESPONDENT. 

HURWITZ & FINE, P.C., BUFFALO (BRIAN D. BARNAS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 15, 2022. The order granted in part the motion of defendant Rose Charleus to compel the production of certain documents and, in effect, denied the cross motion of plaintiff for a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and granting the cross motion, and as modified the order is affirmed without costs.
Memorandum: Defendant Rose Charleus was injured in an automobile accident when her vehicle collided with a vehicle that was covered by a policy of insurance issued by plaintiff. After Charleus commenced a personal injury action arising from that collision, plaintiff commenced the instant action seeking to disclaim coverage due to the non-cooperation of its insured. In response to Charleus's first notice for discovery and production of documents in this action, plaintiff disclosed certain materials but withheld portions of its insurance claim file relating to the personal injury action on the ground that the documents were material prepared in anticipation of litigation, were protected by attorney client privilege, and were otherwise not relevant to the action to disclaim coverage. Charleus moved to compel production of the withheld documents, and plaintiff cross-moved for a protective order. After reviewing the withheld materials in camera, Supreme Court granted the motion in part by ordering plaintiff to disclose certain withheld portions of its claim file and, in effect, denied the cross motion. Plaintiff appeals.
"[A]n insurance company's claim file is conditionally exempt from disclosure as material prepared in anticipation of litigation" (Litvinov v Hodson, 74 AD3d 1884, 1886 [4th Dept 2010]; see CPLR 3101 [d] [2]). Nevertheless, material prepared in anticipation of litigation may be subject to disclosure upon "a party's showing that he or she is in substantial need of the material and is unable to obtain the substantial equivalent of the material by other means without undue hardship" (Teran v Ast, 164 AD3d 1496, 1498 [2d Dept 2018]; see Litvinov, 74 AD3d at 1886). Here, we conclude that the materials sought by Charleus and ordered by the court to be disclosed following its in camera review constitute material prepared in anticipation of litigation (see Lamberson v Village of Allegany, 158 AD2d 943, 943 [4th Dept 1990]) and were prepared at a time after plaintiff had already determined to reject and defend against the claim made by Charleus (cf. Advanced Chimney, Inc. v Graziano, 153 AD3d 478, 480 [2d Dept 2017]).
Because the materials sought by Charleus and ordered to be disclosed by the court's order were prepared in anticipation of litigation and because Charleus has not made a showing [*2]justifying disclosure (see generally Teran, 164 AD3d at 1499; Lamberson, 158 AD2d at 944), we modify the order by denying the motion in its entirety and granting the cross motion.
In light of our determination, we need not reach plaintiff's remaining contentions.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court