Medlock Crossing Shopping Ctr. Duluth, Ga. Ltd. Partnership v TT Medlock Crossing, LLC (2022 NY Slip Op 06391)

Medlock Crossing Shopping Ctr. Duluth, Ga. Ltd. Partnership v TT Medlock Crossing, LLC

2022 NY Slip Op 06391

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

827 CA 21-01194

[*1]MEDLOCK CROSSING SHOPPING CENTER DULUTH, GA. LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,
v
TT MEDLOCK CROSSING, LLC, ET AL., DEFENDANTS, AND WILLIAM P. ALLEN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LAW OFFICE OF MARK A. YOUNG, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, ROCHESTER (CURTIS A. JOHNSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William K. Taylor, J.), entered July 22, 2021. The order and judgment, inter alia, granted the motion of plaintiff for summary judgment against defendant William P. Allen. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2010, plaintiff leased its premises to defendant TT Medlock Crossing, LLC (TT Medlock) for the purpose of opening a restaurant. Defendants Gavin H. Abadi and William P. Allen signed a personal guarantee of the lease. Among other things, the guarantee rendered Abadi and Allen jointly and severally liable, and extended their obligation to any subsequent modifications, extensions, and assignments of the lease. In 2018, TT Medlock extended the term of the lease and assigned its interest thereunder to another entity, defendant MK Ameritaco Corp., which undisputedly proceeded to breach the lease by failing to pay rent pursuant to its terms. Plaintiff commenced this action seeking damages for breach of a written lease against a number of defendants, including TT Medlock, MK Ameritaco Corp., Abadi, and Allen, although only Allen filed an answer.
Plaintiff thereafter moved for summary judgment against Allen as to both liability and damages. In appeal No. 1, Allen appeals from an order and judgment granting plaintiff's motion and awarding damages and attorneys' fees. Allen subsequently moved pursuant to CPLR 2221 for leave to renew and reargue his opposition to plaintiff's motion, and submitted an affidavit that he contended constituted new evidence establishing that his signature appearing on the 2018 lease extension and assignment was a forgery. Supreme Court determined that Allen's motion was in reality only a motion to reargue, and it denied the motion. In appeal No. 2, Allen appeals from the order denying his motion.
In appeal No. 1, Allen does not dispute that plaintiff met its initial burden on its summary judgment motion, and contrary to Allen's contention, we conclude that he failed to raise an issue of fact in opposition (see generally Buffalo & Erie County Regional Dev. Corp. v World Auto Parts, 306 AD2d 857, 858 [4th Dept 2003]). A written guarantee " 'that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493 [2015], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Here, the terms of the 2010 guarantee that Allen undisputedly signed unambiguously extended his responsibility to the 2018 lease extension and assignment (see generally Boulevard Mall v Knight, 300 AD2d 1017, 1019 [4th Dept 2002]). Although Allen claims that a portion of [*2]the language appearing on the 2010 guarantee submitted by plaintiff was not present on the document that he signed, that disputed provision, by its limited terms, is irrelevant to the present circumstances and has no bearing on the extent of Allen's obligations under the guarantee as related to the 2018 lease extension and assignment. Allen on appeal does not otherwise contend that the 2010 guarantee is unenforceable. Contrary to Allen's further contention, even assuming, arguendo, that he did not sign the 2018 lease extension and assignment as an "original guarantor," we conclude that the 2010 guarantee, standing alone, was sufficient to establish a guarantee of the subsequent extension and assignment (see id.).
Contrary to Allen's contention in appeal No. 2, the court properly deemed Allen's motion to be one for only reargument and no appeal lies from an order denying leave to reargue (see Autry v Children's Hosp. of Buffalo, 270 AD2d 845, 846 [4th Dept 2000]; see generally Corter-Longwell v Juliano, 200 AD3d 1578, 1579 [4th Dept 2021]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court