(134 App. Div. 497.)

### RIERA v. SALO ART METAL CO.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. RELEASE (§ 13*)—CONSIDERATION—MUTUAL AGREEMENT.

The mutual agreement between three officers and stockholders of a company, having claims against it for back salary, the continued insistence on which might, it was thought, prevent the success of negotiations promising benefit to the company and its stockholders, that they should all relinquish their claims, is supported by the consideration of its mutuality.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 21; Dec. Dig. § 13.*]

2. APPEAL AND ERROR (§ 1067*)—HARMLESS ERROR.

The refusal of a proper instruction, with the statement that it announced a wrong principle, being the last thing heard by the jury, was not harmless, whatever may have been previously charged.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1067.*]

Appeal from Trial Term, New York County.

Action by Francis Riera against the Salo Art Metal Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

T. B. Merchant, for appellant.
Charles Stein, for respondent.

SCOTT, J. Plaintiff has recovered a judgment for unpaid salary. Defendant appeals.

Plaintiff was the nephew of John B. Salo, who with his wife and plaintiff were stockholders in defendant; plaintiff holding stock to the amount of $2,000. John B. Salo was president, and was assigned a salary of $50 per week. Mrs. Salo was treasurer, and was assigned a salary of $15 per week. Plaintiff was appointed secretary, but acted as foreman, and performed no secretarial duties. His salary was fixed at $25 per week. It was agreed between the three that each should draw only one-half the fixed salary, leaving the balance as a credit in the books. After a while negotiations were opened with some people in Binghamton, looking to an increase of working capital and the moving of the business there. These negotiations were successful, and the business moved accordingly. There was about $3,000 then due to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff and Mr. and Mrs. Salo for retained salaries. There is evidence to the effect that Mr. Salo said to his wife and plaintiff that the Binghamton people would probably be unwilling to assume this debt, and proposed that they should all relinquish their claims for retained salaries, and that they all agreed to do so.

The only question in the case was whether or not plaintiff had agreed with the others to relinquish his back salary. The court, having charged the jury as follows:

"Even though you find that there was a consideration, that in itself would not create a waiver or an extinguishment or a discharge of the accrued salary. You must find, in addition, that the plaintiff actually agreed to waive, discharge, and relinquish his back salary for a good, valid, and present consideration, and unless you find that the plaintiff agreed to waive his salary, and also find that there was a new and present consideration for such waiver and relinquishment, you must find a verdict in favor of plaintiff"

—refused to charge as follows:

"Defendants' Counsel: I would like your honor to charge the jury that if they believe that plaintiff promised to relinquish his claim, and the president and treasurer promised at the same time in the presence of each other to also waive theirs, and they did so, they being the directors of the company, as a matter of law the jury should find that that waiver was based on a valuable consideration.
"The Court: The promise of one to the other?
"Defendants' Counsel: Yes; the mutual promise.
"The Court: I decline to so charge, because there must be a new present consideration."

This is a manifestly incorrect statement of the law, and the respondent so concedes. He argues, however, that it was harmless, because, as he says, it did not fit the facts of the case, and, further, because earlier in the colloquial charge the court had correctly instructed the jury on the subject. We cannot agree that the proposition of law involved in the request was inapplicable to the facts, as they had been testified to. Here were three stockholders, all having claims against the company, the continued insistence upon which might, as it was represented, prevent the success of negotiations which promised to result in benefit to the company and its stockholders. In such a case the mutual agreement between the stockholders that each would waive his claim for the benefit of all was sufficiently supported by the consideration of its own mutuality. The refusal to charge as requested was equivalent to an instruction to the jury that the mutuality of the agreement furnished no sufficient consideration to support it. Whatever may have been said on the subject of consideration previously, the last word the jury heard was the refusal to charge this perfectly proper request. Their verdict justifies the belief that this had a potent influence upon their verdict.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.