█ KENNETH J. ELLIOTT, Respondent-Appellant, v EUGENE F. GEHEN et al., Appellants-Respondents. — Order unanimously reversed, on the law, without costs, and defendant Gehen's motion granted. Memorandum: While driving his motorcycle, plaintiff collided with an automobile driven by defendant Gehen. Plaintiff suffered serious injuries. His then attorney entered into settlement negotiations with Gehen's insurer with the result that plaintiff would receive $10,000 from Gehen. Plaintiff, on the advice of counsel, signed a release running to Gehen, and a check for $10,000 was forwarded by the insurer. The check named as payees plaintiff, his attorney, and Travelers Insurance Company (plaintiff's workers' compensation carrier). Upon inquiry, plaintiff and his attorney learned that Travelers had a potential lien on the recovery (Workers' Compensation Law, § 29) and the check was thereupon returned. Plaintiff never sought to rescind, nor did he repudiate, the release. The record

does not indicate that plaintiff sought consent from the compensation carrier for the settlement or applied for a court order approving the settlement (see *Matter of Kusiak v Commercial Union Assur. Cos.*, 49 AD2d 122, 124).

Subsequently, plaintiff retained other counsel who sued defendant Gehen and others. Gehen moved to dismiss the complaint against him on the grounds of settlement or release. Special Term concluded that there was a question of fact as to the validity of the release and ordered an immediate trial on this issue. This was error.

Plaintiff makes no claim of fraud, illegality or duress. He seeks to avoid the effect of the release, in the interests of justice, based upon mutual mistake or a mistake and lack of knowledge of his rights. When this kind of avoidance is asserted, the releasor has the burden of establishing "that the general language of the release, valid on its face and properly executed, is to be limited because of a mutual mistake, or otherwise does not represent the intent of the parties" (*Mangini v McClurg,* 24 NY2d 556, 563). The record here does not suggest the existence of mutual mistake or any other ground upon which avoidance of the release may be sustained. In executing the release, plaintiff, with the advice of counsel, evidenced a conscious and deliberate intention to discharge Gehen from all consequences of the accident. That plaintiff may not have understood collateral consequences of the release without pursuing the matter further with his workers' compensation insurer is of no moment insofar as Gehen is concerned. Plaintiff's signing of the release was a jural act which is binding upon him (see *Pimpinello v Swift & Co.,* 253 NY 159, 162). (Appeals from order of Supreme Court, Erie County, Marshall, J. — dismiss complaint.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.