◼ NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v PATTERSON-STEVENS, INC., et al., Appellants. (Action No. 1.) PATTERSON-STEVENS, INC., Plaintiff, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Defendant. (Action No. 2.) (Appeal No. 2.) [654 NYS2d 526] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this appeal, Niagara Frontier Transportation Authority (NFTA) is the plaintiff in action No. 1 and the defendant in action No. 2; Patterson-Stevens, Inc. (Patterson), is a defendant in action No. 1 and the plaintiff in action No. 2.

Supreme Court erred in granting that part of NFTA's cross motion to dismiss Patterson's first and sixth causes of action in their entirety. It is well settled that, where the language of a release is clear and unambiguous, "effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant" (LeMay v H. W. Keeney, Inc., 124 AD2d 1026, 1027, lv denied 69 NY2d 607; see also, Thailer v LaRocca, 174 AD2d 731, 733). Here, NFTA and Patterson executed a Mutual Release/Waiver (Release) on July 31, 1992, in which Patterson agreed to waive "all claims * * * against [NFTA] arising from or associated with panel installation under [the Contract], Specification 02520 (Part 3)". Because panel fabrication (first cause of action) and the grouting "all voids" procedure (sixth cause of action) are individual steps in the panel installation process as defined in part 3 of the specification, they are unambiguously included by the terms of the release. However, "[a] release may not be read to cover matters which the parties did not desire or intend to dispose of" (Lefrak SBN Assocs. v Kennedy Galleries, 203 AD2d 256, 257). Here, there is no clear language in the release indicating that Patterson agreed to waive future or continuing claims arising out of panel installation (cf., Northrup Contr. v Village of Bergen, 129 AD2d 1002). Moreover, at the time the release was executed, Patterson apparently had installed only 30% of the panels required for the project. Thus, the first and sixth causes of action, including affiliated delay damages, are dismissed only to the extent of claims accruing on or before July 31, 1992.

Patterson's contention that there is a failure of consideration is without merit. NFTA agreed in the release to waive its right to assess liquidated damages arising from or associated with

the contract for a total of 304 days. Each promise expressed in a mutual release constitutes a valuable consideration for the other (see, 19 NY Jur 2d, Compromise, Accord, and Release, § 71; see also, Riera v Salo Art Metal Co., 134 App Div 497, 499). Patterson has not alleged that it never received the benefit of that waiver. Therefore, accepting as true Patterson's allegations that NFTA failed to provide the promised assistance in achieving an acceptable panel installation, there still is only a partial failure of consideration, which is not a ground to avoid the release in its entirety (see, Post v Thomas, 212 NY 264, 274, rearg denied 212 NY 585; 19 NY Jur 2d, op. cit., § 72, at 416).

Patterson's contention that the release was signed under economic duress is without merit. At best, the release was the result of vigorous bargaining tactics and threats to exercise legal rights, neither of which amounts to economic duress, notwithstanding the financial considerations that may have induced Patterson to enter into the agreement (see, Fruchthandler v Green, 223 AD2d 214; Appel v Ford Motor Co., 111 AD2d 731).

The court also erred in granting in part NFTA's cross motion by dismissing that portion of Patterson's eighth cause of action seeking damages accruing on or before July 31, 1992. In the eighth cause of action, Patterson sought damages for performance delays associated with steps in the panel installation process that were either expressly excepted from coverage in the release or not covered by Specification 02520 (Part 3). Thus, the court's apparent reliance on the release in dismissing that portion of Patterson's eighth cause of action was erroneous, and that portion of the eighth cause of action is reinstated.

We reject NFTA's contention that a letter from Patterson dated December 2, 1991, in which Patterson allegedly agreed to release all schedule impact claims occurring on or before November 21, 1991, as well as the "no-damages-for-delay" clause in article 57 of the contract, are grounds to dismiss the eighth cause of action. Because Patterson's agreement in the letter was conditional, it cannot be said that the letter conclusively and definitively disposes of Patterson's claims, as required on a motion to dismiss pursuant to CPLR 3211 (a) (1) (see, Leon v Martinez, 84 NY2d 83, 88; Unadilla Silo Co. v Ernst & Young, 234 AD2d 754). Similarly, the apparent applicability of the exception in subsection B of article 57 raises a question of fact precluding dismissal by reason of that article (see, Spearin, Preston & Burrows v City of New York, 160 AD2d 263, 264).

The court did not abuse its discretion in denominating NFTA the plaintiff in the consolidated actions with the right to open and close at trial. We have reviewed the parties' remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Renewal.) Present—Lawton, J. P., Doerr, Balio and Fallon, JJ.