■ MICHAEL P. BOOTH et al., Respondents, v 3669 DELAWARE, INC., Defendant, and BENDERSON DEVELOPMENT COMPANY, INC., et al., Appellants. [662 NYS2d 642] —Order insofar as appealed from unanimously reversed on the law without costs, motions granted and complaint against defendants Benderson Development Company, Inc., and Northeast Mechanical, Inc., dismissed. Memorandum: Supreme Court erred in denying the motions of Benderson Development Company, Inc., and Northeast Mechanical, Inc. (defendants), to dismiss the complaint based on a general release executed by plaintiffs. In the complaint, plaintiffs seek to recover damages for personal injuries suffered as a result of an accident on a construction site. Plaintiffs, however, had executed a document captioned "RELEASE OF ALL CLAIMS" wherein they agreed, *inter alia,* to release defendants from "any and every claim * * * or cause of action of whatever kind and nature * * * especially the liability arising from [the] accident" of June 16, 1994. The release also stated that it applied "to all known injuries and damages, as well as those unknown and unanticipated, resulting from said accident".

In opposition to the motions, plaintiffs contended that the release was obtained through fraud, mistake and duress. Plaintiff Michael P. Booth averred that, when he executed the release, he was not represented by counsel, did not understand the terms of the release, and was mistaken about the seriousness of the injuries he sustained. In denying the motions to dismiss, the court concluded that there were questions of fact regarding the validity of the purported release and the circumstances surrounding its execution. We disagree.

"[O]ne who executes a plain and unambiguous release cannot avoid its effect by merely stating that [he] misinterpreted

its terms" (*Koster v Ketchum Communications,* 204 AD2d 280). "It is well settled that, where the language of a release is clear and unambiguous, 'effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant'" (*Niagara Frontier Transp. Auth. v Patterson-Stevens, Inc.,* 237 AD2d 965, quoting *LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026, 1027, *lv denied* 69 NY2d 607; *see, Thailer v LaRocca,* 174 AD2d 731, 733). At best, plaintiffs have established a mere unilateral mistake on the part of Michael Booth with respect to the meaning and effect of the release. Such a mistake does not constitute an adequate basis for invalidating a clear, unambiguous and validly executed release.

Plaintiffs' signing of the release was a jural act that is binding upon plaintiffs (*see, Pimpinello v Swift & Co.,* 253 NY 159, 162; *Elliott v Gehen,* 105 AD2d 1112, 1113). (Appeals from Order of Supreme Court, Erie County, Burns, J.—Dismiss Complaint.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.