ROGER O'NEAL, Respondent, v LIFE SCIENCE LABORATORIES, INC., Appellant. [805 NYS2d 208]—

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered January 31, 2005. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while assisting his wife at her place of employment. Plaintiff injured his eye when he dropped a beaker and shards of glass entered his left eye. It is undisputed that plaintiff thereafter signed a release at the request of defendant, his wife's employer. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint because plaintiff raised an issue of fact whether the release was the result of mutual mistake. "Even where a releasor has knowledge of the causative trauma, it has been held

that there must be actual knowledge of the injury. Knowledge of injury to an area of the body cannot cover injury of a different type and gravity" (*Mangini v McClurg*, 24 NY2d 556, 565 [1969]). Because there is no indication in the record that, at the time the release was signed, either party had actual knowledge that plaintiff's loss of sight would be permanent, the court properly determined that plaintiff raised a triable issue of fact whether there was a mutual mistake concerning the ultimate nature of his eye injury (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.