THOMAS SCHROEDER et al., Respondents, v WILLIAM CONNELLY et al., Appellants. [848 NYS2d 789]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered September 25, 2006. The order, insofar as appealed from, denied defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas Schroeder (plaintiff) when the vehicle in which he was a passenger was rear-ended by a vehicle operated by defendant Susan Connelly and owned by defendant William Connelly. Plaintiffs moved to strike defendants' third affirmative defense, in which defendants asserted that the action is barred by a release signed by plaintiff, and defendants cross-moved for summary judgment dismissing the complaint based, inter alia, on that release. Supreme Court denied the motion and cross motion, and defendants contend on appeal that the court should have granted their cross motion. We affirm.

In support of their motion, plaintiffs contended that the release signed by plaintiff was the result of mutual mistake and therefore should be set aside. It is well established, however, that "[a] release should not be set aside unless plaintiff demonstrates duress, illegality, fraud, or mutual mistake" (*Budnack v Crymes*, 288 AD2d 827 [2001]; *see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]; *Gibli v Kadosh*, 279 AD2d 35, 38 [2000]) and that, "[i]n the instance of mutual mistake, the burden of persuasion is on the one who would set the release aside" (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]). "[I]n resolving claims of mutual mistake as to injury at the time of release, there has been delineated a sharp distinction between injuries unknown to the parties and mistake as to the consequence of a known injury. A mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release" (*id.* at 564). " 'Even where a releasor has knowledge of the causative trauma, it has been held that there must be actual knowledge of the injury' " (*O'Neal v Life Science Labs., Inc.*, 23 AD3d 1024, 1024-1025 [2005]).

Here, plaintiffs submitted evidence establishing that, at the time plaintiff signed the release, he had been diagnosed only with sprains and strains and that, a few months later, he was diagnosed with a herniated disk and a rotator cuff tear, both of which required surgery. Defendants, on the other hand, submitted the affidavit of their insurance adjuster wherein she asserted that she was aware that plaintiff was suffering from

something more serious than a sprain or strain at the time the release was signed by plaintiff. We thus conclude that there is an issue of fact whether the release was the result of mutual mistake and that the court therefore properly denied defendants' cross motion (*cf. id.* at 1025; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.