▬ DEBORAH HIMMELSBACH, Respondent, v PATRICK GEORGE, Appellant. [894 NYS2d 647]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 8, 2008 in a personal injury action. The order denied defendant's motion to dismiss the complaint, which was treated by the court as a motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle that she was operating collided with a vehicle operated by defendant. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), based on a release executed by plaintiff prior to the commencement of the action. Pursuant to the terms thereof, plaintiff released defendant from "any and all claims" on account of "known and unknown personal injuries." We conclude that Supreme Court erred in denying defendant's motion, which was treated by the court as a motion for summary judgment pursuant to CPLR 3211 (c). Defendant met his initial burden on the motion by submitting documentary evidence, i.e., the release, establishing that the action was barred by plaintiff's ex-

ecution of that document (*see* CPLR 3211 [a] [5]; 3212 [b]; *see generally Kavoukian v Kaletta*, 294 AD2d 646, 646-647 [2002]). In opposition to the motion, plaintiff contended that the release was unenforceable because it was the result of a mistaken belief concerning the nature and extent of her injuries. It is well established that a general release may be set aside where there has been, inter alia, a mutual mistake (*see Mangini v McClurg*, 24 NY2d 556, 563 [1969]; *Schroeder v Connelly*, 46 AD3d 1439, 1440 [2007]), and that, "[i]n the instance of mutual mistake, the burden of persuasion is on the one who would set the release aside" (*Mangini*, 24 NY2d at 563). Here, plaintiff failed to meet that burden. With respect to allegations of mutual mistake concerning the releasor's injuries at the time of the release, "there has been delineated a sharp distinction between injuries unknown to the parties and mistake as to the consequence of a known injury. A mistaken belief as to the nonexistence of [a] presently existing injury is a prerequisite to avoidance of a release" (*id.* at 564).

Here, plaintiff contended that, at the time she executed the release, she was unaware that she had multiple herniated discs in her cervical, thoracic and lumbar spine. Contrary to plaintiff's contention, the record contains MRIs of plaintiff's cervical and lumbar spine that predated the execution of the release and revealed herniated discs at C5-6, T3-4, L3-4, and L4-5, as well as annular tears at T4-5, L5-S1, L2-3, and T11-12. Plaintiff also contended that she was unaware when she executed the release that her injuries would require surgery. Because those injuries were known, however, her alleged lack of knowledge that she would be required to undergo surgery "is merely as to the consequence, future course, or sequelae of a known injury, [and] the release will stand" (*id.*). Indeed, while the evidence submitted by plaintiff establishes that she underwent a discectomy at C5-6 after execution of the release, the injury to that portion of her spine was reflected in the earlier MRI of her cervical spine. Contrary to the contention of plaintiff, the expert affidavit submitted by her was insufficient to raise an issue of fact with respect to mutual mistake. Although plaintiff's expert opined that MRIs taken after plaintiff executed the release revealed injuries to plaintiff's spine that were "not obviously present" in the previous MRIs, plaintiff did not submit those MRIs and her expert failed to identify how the alleged subsequently discovered injuries were "different injuries . . . [and not] unanticipated consequences of known injuries" (*id.* at 568). Present—Centra, J.P., Peradotto, Green and Pine, JJ.