Phillips v Savage (2018 NY Slip Op 02093)





Phillips v Savage


2018 NY Slip Op 02093


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


383 CA 17-01288

[*1]RENEE Y. PHILLIPS, PLAINTIFF-APPELLANT,
v
TIMOTHY SAVAGE, DEFENDANT-RESPONDENT. 






KEVIN GAUGHAN, BUFFALO, FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN WALLACE, BUFFALO (BETSY F. VISCO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 11, 2017. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In November 2016, plaintiff commenced this action alleging that defendant's negligence caused a motor vehicle accident in which she was injured. The accident occurred in October 2014 in Buffalo. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5), asserting that, in January 2016, plaintiff in exchange for $25,000 had executed a general release stating, inter alia, that defendant was released and forever discharged from any liability of any kind related to the accident. Supreme Court granted the motion, and we affirm.
"Where, as here, the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (Marlowe v Muhlnickel, 294 AD2d 830, 831 [4th Dept 2002] [internal quotation marks omitted]; see Booth v 3669 Delaware, 242 AD2d 921, 921-922 [4th Dept 1997], affd 92 NY2d 934 [1998]; Mangini v McClurg, 24 NY2d 556, 563 [1969]). "[A] general release is governed by principles of contract law" (Mangini, 24 NY2d at 562) and " should not be set aside unless plaintiff demonstrates duress, illegality, fraud, or mutual mistake' " (Schroeder v Connelly, 46 AD3d 1439, 1440 [4th Dept 2007]; see Mangini, 24 NY2d at 563). "Strong policy considerations favor the enforcement of [release] agreements" (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]), and "[a] release should never be converted into a starting point for . . . litigation except under circumstances and under rules which would render any other result a grave injustice' " (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). Inasmuch as plaintiff has failed to allege or set forth any grounds to invalidate the release, the terms thereof bar this action, and thus the court properly granted the motion. "At best, plaintiff[] ha[s] established a mere unilateral mistake . . . with respect to the meaning and effect of the release. Such a mistake does not constitute an adequate basis for invalidating a clear, unambiguous and validly executed release" (Booth, 242 AD2d at 922).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court