Cain-Henry v Shot (2021 NY Slip Op 02961)





Cain-Henry v Shot


2021 NY Slip Op 02961


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1090 CA 19-01786

[*1]DIAMONDS M. CAIN-HENRY, PLAINTIFF-APPELLANT,
v
ROMANA SHOT, ET AL., DEFENDANTS, CEDRICK J. MORGAN AND SIBO C. SIMKIN-JAMES, DEFENDANTS-RESPONDENTS. 






CAMPBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JENNIFER S. ADAMS, WILLIAMSVILLE (KEVIN J. GRAFF OF COUNSEL), FOR DEFENDANT-RESPONDENT SIBO C. SIMKIN-JAMES.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (ERICKA B. ELLIOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT CEDRICK J. MORGAN.


 Appeal from an order of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 20, 2019. The order granted the motion of defendant Cedrick J. Morgan and the cross motion of defendant Sibo C. Simkin-James to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion and cross motion are denied, and the complaint against defendants Cedrick J. Morgan and Sibo C. Simkin-James is reinstated.
Memorandum: Plaintiff commenced this action seeking, inter alia, to recover for injuries she allegedly sustained when a vehicle operated by Cedrick J. Morgan and owned by Sibo C. Simkin-James (collectively, defendants) came into contact with the vehicle plaintiff was operating. Morgan moved and Simkin-James cross-moved to dismiss the complaint against them pursuant to CPLR 3211 (a) (5), asserting that, approximately two months after the accident, plaintiff signed a release, offered by a representative of Morgan's insurance carrier, which, in exchange for the sum of $1,500, relieved both Morgan and Simkin-James of "any and all claims, actions, causes of action . . . on account of or in any way growing out of any and all known and unknown personal injuries and damages" resulting from the accident. In opposition to the motion and cross motion, plaintiff asserted that the release had been obtained through fraud and misrepresentation. Plaintiff appeals from an order granting the motion and cross motion, and we reverse.
Defendants met their initial burden of establishing that they were released from any claims by submitting the release executed by plaintiff (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). The burden thus shifted to plaintiff to show that the release was voidable based on fraud (see id.). Plaintiff submitted an affidavit in which she averred that, in the midst of negotiating a settlement of her personal injury claim for pain and suffering, a representative of Morgan's insurer told her that, "under New York Law, [plaintiff] would not be able to sue . . . because [she] did not have any major surgeries or life-threatening injuries." Plaintiff further averred that, based on those representations, she agreed to sign the release in exchange for $1,500. Accepting plaintiff's allegations as true (see Ford v Phillips, 121 AD3d 1232, 1234 [3d Dept 2014]), we conclude that plaintiff sufficiently alleged grounds on which to invalidate the release (see id. at 1235; cf. Phillips v Savage, 159 AD3d 1581, 1581 [4th Dept 2018]; see generally Centro Empresarial Cempresa S.A., 17 NY3d at 276). Thus, the complaint against defendants should not have been dismissed at this juncture, and [*2]Supreme Court erred in granting the motion and cross motion (see Ford, 121 AD3d at 1235-1236; Gonzalez v 40 Burnside Ave., LLC, 107 AD3d 542, 543-544 [1st Dept 2013]; cf. Gray v Miller, 248 AD2d 1000, 1000-1001 [4th Dept 1998]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court