Armenta v Preston (2021 NY Slip Op 04474)





Armenta v Preston


2021 NY Slip Op 04474


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1207 CA 20-00024

[*1]CHRISTY L. ARMENTA, PLAINTIFF-APPELLANT,
v
AARON M. PRESTON, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






CAMPBELL & ASSOCIATES, EDEN (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JENNIFER S. ADAMS, WILLIAMSVILLE (KEVIN J. GRAFF OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Robert B. Wiggins, A.J.), entered December 26, 2019. The order granted the motion of defendant Aaron M. Preston to dismiss the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint against defendant Aaron M. Preston is reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident. We conclude that Supreme Court erred in granting the motion of Aaron M. Preston (defendant) seeking to dismiss the complaint against him pursuant to CPLR 3211 (a) (5) based upon a release executed by plaintiff. "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release . . . If the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]). Although, in general, "[a] release 'should never be converted into a starting point for . . . litigation . . . [,]' [a] release may be invalidated . . . for any of 'the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (id., quoting Mangini v McClurg, 24 NY2d 556, 563 [1969]).
Here, defendant met his initial burden of establishing that he had been released from the claims against him by submitting the executed release in support of his motion, and thus the burden shifted to plaintiff " 'to show that there has been fraud, duress or some other fact which will be sufficient to void the release' " (id., quoting Fleming v Ponziani, 24 NY2d 105, 111 [1969]). "In assessing a motion to dismiss on the ground that an action may not be maintained because of a release (see CPLR 3211 [a] [5]), the allegations in the complaint 'are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in [the plaintiff's] favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light' " (Fimbel v Vasquez, 163 AD3d 1120, 1121 [3d Dept 2018]; see Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [2d Dept 2018]).
"A plaintiff seeking to invalidate a release due to fraudulent inducement must 'establish the basic elements of fraud, namely a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276). We agree with plaintiff that the allegations in her affidavit in opposition to the motion are sufficient to establish the elements of fraud in the inducement (see e.g. Cain-Henry v Shot, 194 AD3d 1465, 1466-1467 [4th Dept 2021]; Fimbel, 163 AD3d at 1122; Powell v Adler, [*2]128 AD3d 1039, 1041 [2d Dept 2015]). We therefore reverse the order, deny the motion, and reinstate the complaint against defendant.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court