Gilchrist v Olver (2023 NY Slip Op 02250)

Gilchrist v Olver

2023 NY Slip Op 02250

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

374 CA 22-00294

[*1]FRANCIE F. GILCHRIST, PLAINTIFF-APPELLANT,
v
MARK OLVER, DEFENDANT-RESPONDENT. 

LIPSITZ, PONTERIO & COMERFORD, LLC, BUFFALO (ZACHARY JAMES WOODS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MCCARNEY LAW P.C., NEW YORK CITY (JAMES G. MCCARNEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 
MARSH LAW FIRM PLLC, NEW YORK CITY (JAMES R. MARSH OF COUNSEL), FOR CHILD USA, AMICUS CURIAE. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered February 10, 2022. The order granted defendant's motion insofar as it sought to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 208 [b]; 214-g) to recover for personal injuries resulting from alleged childhood sexual abuse perpetrated by defendant. Defendant moved, inter alia, to dismiss the complaint on the ground that this action is barred because plaintiff executed a general release arising out of a federal action commenced by plaintiff against defendant, which pertained to the same alleged childhood sexual abuse (see CPLR 3211 [a] [5]). Supreme Court granted defendant's motion insofar as it sought to dismiss the complaint, and plaintiff appeals. We affirm.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]). A release will not be treated lightly because it is a "a jural act of high significance without which the settlement of disputes would be rendered all but impossible" (Mangini v McClurg, 24 NY2d 556, 563 [1969]). Where the language is clear and unambiguous, the release is binding on the parties unless it is demonstrated to be invalid "for any of 'the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276).
Here, defendant met his initial burden on the motion by submitting the binding general release executed by plaintiff (see Cain-Henry v Shot, 194 AD3d 1465, 1466 [4th Dept 2021]; Ford v Phillips, 121 AD3d 1232, 1233 [3d Dept 2014]). The burden thus shifted to plaintiff " 'to show that there has been fraud, duress or some other fact which will be sufficient to void the release' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276). The conclusory allegations of duress contained in plaintiff's affidavit in opposition to the motion are insufficient to meet that burden (see Putnam v Kibler, 210 AD3d 1458, 1462 [4th Dept 2022]; Hydrodyne Indus. v Marine Midland Bank, 118 AD2d 626, 626 [2d Dept 1986]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court