CyCan, LLC v Palladian Health, LLC (2023 NY Slip Op 03169)

CyCan, LLC v Palladian Health, LLC

2023 NY Slip Op 03169

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1034 CA 22-00098

[*1]CYCAN, LLC, PLAINTIFF,
v
PALLADIAN HEALTH, LLC, DEFENDANT. 
PALLADIAN HEALTH, LLC, THIRD-PARTY PLAINTIFF-RESPONDENT,
v
PAUL J. CANDINO, THIRD-PARTY DEFENDANT-APPELLANT. (ACTION NO. 1.) 
PAUL J. CANDINO, PLAINTIFF-APPELLANT,
v
PALLADIAN HEALTH, LLC, DEFENDANT-RESPONDENT. (ACTION NO. 2.) 
PAUL J. CANDINO, PLAINTIFF-APPELLANT, ET AL., PLAINTIFF, 
v
KEVIN CICHOCKI, MARK ZYGAJ, BRIAN T. D'AMICO, SSC II PRISM HOLDINGS, INC., SSC NYS II PRISM HOLDINGS, INC., AND PDN LIQUIDATION, LLC, FORMERLY KNOWN AS PALLADIAN HEALTH, LLC, DEFENDANTS-RESPONDENTS. (ACTION NO. 5.) 

BOND, SCHOENECK & KING, PLLC, BUFFALO (TIMOTHY N. MCMAHON OF COUNSEL), FOR PLAINTIFF-APPELLANT AND THIRD-PARTY DEFENDANT-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-RESPONDENT AND DEFENDANTS-RESPONDENTS BRIAN T. D'AMICO, SSC II PRISM HOLDINGS, INC., SSC NYS II PRISM HOLDINGS, INC.,
 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered December 20, 2021. The order, insofar as appealed from, in action No. 1 denied those parts of third-party defendant Paul Candino's motion seeking summary judgment dismissing the first and fourth causes of action in the third-party complaint, and in action No. 2 denied those parts of plaintiff Paul Candino's motion seeking summary judgment dismissing the first through fifth counterclaims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion in action No. 1 and dismissing the first and fourth causes of action in the third-party complaint, granting that part of the motion in action No. 2 with respect to the fourth counterclaim and dismissing that counterclaim, and granting that part of the motion in action No. 2 with respect to the fifth counterclaim to the extent it is based on self-dealing related to the lease agreements and dismissing that counterclaim to that extent, and as modified the order is affirmed without costs.
Memorandum: Palladian Health, LLC, now known as PDN Liquidation, LLC (Palladian), defendant-third-party plaintiff in action No. 1 and a defendant in action Nos. 2 and 5, provides speciality health managed care services on behalf of insurance companies. SSC II Prism Holdings, Inc. and SSC NYS II Prism Holdings, Inc. (collectively, Summer Street), defendants in action No. 5, invested in Palladian in exchange for a minority equity interest. The majority equity interest in Palladian was owned by Paul J. Candino, third-party defendant in action No. 1 and a plaintiff in action Nos. 1 and 5, and two others (collectively, Founders) through their company, Prism Holdings, Inc. Candino is also one of the owners of both CyCan, LLC (CyCan), plaintiff in action No. 1, and CyCaz, LLC, each of which entered into lease agreements with Palladian to lease Palladian office space (lease agreements). Starting in 2011, the Founders and Summer Street became embroiled in various litigation, which ultimately led Palladian, Summer Street, and the Founders, among others, to enter into a Settlement Agreement on June 18, 2014 that resolved all pending litigation. The Settlement Agreement included a mutual release of claims (Release). Also pursuant to the Settlement Agreement, Summer Street assumed control of Palladian as of April 1, 2015. Prior to that date, Palladian had been controlled by Candino and one other founder.
Thereafter, CyCan commenced an action against Palladian (action No. 1) alleging breach of its lease agreements with Palladian (CyCan leases), and Palladian commenced a third-party action against Candino alleging causes of action for, inter alia, breach of fiduciary duty (first cause of action) and unjust enrichment (fourth cause of action). With respect to the first and fourth causes of action, Palladian alleged that the CyCan leases were the result of Candino's self-dealing while he controlled Palladian. Candino then commenced an action against Palladian (action No. 2) for breach of a Termination and Consulting Agreement that had been entered into as part of the Settlement Agreement. Palladian answered and asserted eight counterclaims against Candino, including for breach of fiduciary duty (first, second and fourth counterclaims), fraud (third counterclaim), and breach of contract/breach of covenant of good faith and fair dealing (fifth counterclaim). The fourth and fifth counterclaims were based on allegations of Candino's self-dealing with respect to the lease agreements. The first, second, third, and fifth counterclaims were based on allegations that Candino failed to disclose a scheme by which a consultant was paid by Palladian to inappropriately influence a third party in pending legal actions for the benefit of Candino (bribery scheme).
In action No. 1, Candino moved for summary judgment dismissing the third-party complaint and, in action No. 2, he moved for summary judgment dismissing all but the sixth counterclaim. As relevant here, Candino argued that most of the causes of action and counterclaims should be dismissed on the basis of the Release. Palladian, among others, opposed the motions and argued that Candino was precluded from relying upon the Release because of his wrongful conduct of self-dealing with respect to the lease agreements and hiding the bribery scheme. Supreme Court, inter alia, denied Candino's motion in action No. 1 and granted in part and denied in part Candino's motion in action No. 2 by dismissing only the seventh and eighth counterclaims. As limited by his brief, Candino appeals from the order to the extent that it denied the motion in action No. 1 with respect to the first and fourth causes of action in the third-party complaint, and the motion in action No. 2 with respect to the first through fifth counterclaims, on the ground of release. Candino has abandoned any contentions with respect to action No. 5 (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We now modify.
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release . . . If the language of a release is clear and unambiguous, the signing of a release is a jural act binding upon the parties" (Centro Empresarial Cempresa S.A. v América [*2]Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]; see Armenta v Preston, 196 AD3d 1197, 1197 [4th Dept 2021]). "A release 'should never be converted into a starting point for . . . litigation except under circumstances and under rules which would render any other result a grave injustice' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276, quoting Mangini v McClurg, 24 NY2d 556, 563 [1969]). "A release may be invalidated, however, for any of 'the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (id.; see Armenta, 196 AD3d at 1197; Phillips v Savage, 159 AD3d 1581, 1581 [4th Dept 2018]).
We agree with Candino that he met his initial burden on the motions of establishing that the Release encompassed the causes of action and counterclaims at issue on this appeal (see Dolcimascolo v 701 7th Prop. Owner, LLC, 205 AD3d 412, 412 [1st Dept 2022]; see generally Centro Empresarial Cempresa S.A., 17 NY3d at 276; Armenta, 196 AD3d at 1197). The broadly worded Release here released the parties from "every action, suit, claim, . . . and cause of action, of every nature and description whatsoever" that the parties "had or now have as against" each other. It is undisputed that Candino's conduct with respect to the self-dealing allegations and the bribery scheme occurred at or before the time of the Settlement Agreement, although Palladian did not discover that conduct until after the Release was executed. "[A] release may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is 'fairly and knowingly made' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276). Here, the Release encompassed all claims, "whether known or unknown," and it therefore encompassed all the causes of action and counterclaims at issue on this appeal.
Inasmuch as Candino met his initial burden, the burden shifted to Palladian to set forth a defense sufficient to void the Release (see generally id.; Armenta, 196 AD3d at 1197). On appeal, Palladian asserts fraudulent inducement as an alternative ground for affirmance and thus argues that the Release should not be enforced. We reject Candino's contention that Palladian is raising that issue for the first time on appeal. Palladian made the same arguments of fraudulent conduct by Candino in opposition to the motions when it argued that the doctrine of equitable estoppel applied (cf. Kavanaugh v Kavanaugh, 200 AD3d 1568, 1575-1576 [4th Dept 2021]).
"A [party] seeking to invalidate a release due to fraudulent inducement must 'establish the basic elements of fraud' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276; see Armenta, 196 AD3d at 1198), i.e., "a misrepresentation or a material omission of fact which was false and known to be false by [the party making it], made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). "[A] party that releases a fraud claim may later challenge that release as fraudulently induced only if it can identify a separate fraud from the subject of the release . . . Were this not the case, no party could ever settle a fraud claim with any finality" (Centro Empresarial Cempresa S.A., 17 NY3d at 276).
We also agree with Candino that Palladian did not raise a triable issue of fact whether the Release was void with respect to the causes of action and counterclaims that are based on the self-dealing related to the lease agreements due to fraudulent inducement (see HSBC Bank USA, N.A. v Prime, L.L.C., 125 AD3d 1307, 1308-1309 [4th Dept 2015]). The litigation that resulted in the Settlement Agreement included similar allegations of self-dealing by the Founders, and the self-dealing allegations with respect to the lease agreements did not constitute a separate fraud (see Arfa v Zamir, 17 NY3d 737, 739 [2011]). Moreover, Palladian did not establish that it justifiably relied on a misrepresentation or material omission of Candino with respect to the lease agreements. Contrary to Palladian's assertion, advanced as an alternative ground for affirmance, it did not establish that additional discovery would produce evidence sufficient to defeat the motions on that issue (see One Flint St., LLC v ExxonMobil Corp., 175 AD3d 1012, 1015-1016 [4th Dept 2019]; Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1493 [4th Dept 2019]). We therefore modify the order by granting in part the motion in action No. 1 and dismissing the first and fourth causes of action in the third-party complaint and by granting that part of the motion in action No. 2 with respect to the fourth counterclaim and dismissing that counterclaim, and granting that part of the motion in action No. 2 with respect to the fifth counterclaim to the extent it is based on the self-dealing related to the lease agreements and dismissing that counterclaim to that extent.
Contrary to Candino's contention, however, Palladian raised a triable issue of fact whether the Release is void with respect to the counterclaims that are based on the bribery scheme due to fraudulent inducement (see Litvinov v Hodson, 74 AD3d 1884, 1885 [4th Dept 2010]). The bribery scheme constituted a separate fraud, and Palladian's submissions in opposition to the motion in action No. 2 were sufficient to establish that the Release was induced by that fraud (cf. Centro Empresarial Cempresa S.A., 17 NY3d at 280; see also Armenta, 196 AD3d at 1198).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court