FPG Maiden Lane, LLC v Bank Leumi USA (2024 NY Slip Op 01777)

FPG Maiden Lane, LLC v Bank Leumi USA

2024 NY Slip Op 01777

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 653584/20 Appeal No. 1959 Case No. 2023-01925 

[*1]FPG Maiden Lane, LLC, et al., Plaintiffs-Respondents,
v
Bank Leumi USA, et al., Defendants-Appellants, Harel Insurance Investments and Financial Services Ltd., Defendant.

Thompson Coburn LLP, New York (Steven J. Mandelsberg of counsel), for appellants.
Cohen Tauber Spievack & Wagner, P.C., New York (Jackson S. Davis of counsel), for respondents.

Order, Supreme Court, New York County (Barry Ostrager, J.), entered on or about March 20, 2023, which, insofar as appealed from, denied the motion of defendant Bank Leumi Le-Israel BM (BLITA) to dismiss the amended complaint against it for lack of personal jurisdiction and denied the motion of defendants Bank Leumi USA, Valley National Bank as successor by merger to Bank Leumi USA (BL-USA), BLITA, and Harel — Maiden Lane — General Partnership (Harel-GP) (collectively, Lenders) to dismiss the second cause of action for fraudulent inducement as against BL-USA, the fifth and sixth causes of action for breach of contract against defendant BLITA, the seventh through ninth causes of action for declaratory relief as against BLITA, and plaintiffs' claim for consequential damages, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the second cause of action, the fifth through ninth causes of action as to defendant BLITA, and dismissing plaintiffs' claims for lost profits and consequential damages, and otherwise affirmed, without costs.
The second cause of action, for fraudulent inducement against BL-USA, should have been dismissed for two reasons. First, like the fraud-based claims in the previous complaint, the fraud claim asserted in the second cause of action of the amended complaint is duplicative of the breach of contract claims (see FPG Maiden Lane, LLC v Bank Leumi USA, 211 AD3d 528, 529 [1st Dept 2022]). Second, the claim is barred by section 14 of the third amendment to the parties' building loan agreement, which provides that plaintiff FGP Maiden Lane, LLC
"hereby irrevocably and unconditionally acknowledges and agrees . . . that (a) as of the Amendment Date [March 13, 2020], it has no . . . causes of action, rights, claims or demands of any kind or nature whatsoever against . . . any Lender, any loan participant . . . or any of their respective Affiliates, including, without limitation, any usury or lender liability claims or defenses, in any such case arising out of or relating to the Loans or the Loan Documents, and (b) to the extent that any claim as described above should in fact exist as of the Amendment Date, including, without limitation, any usury or lender liability claim or defense, such claim is hereby fully, finally, unconditionally and irrevocably released, waived and discharged."
The foregoing language constitutes a release of any claim that arose at or before the time of the execution of the release, even if the claim was not discovered until after the execution (see CyCan LLC v Palladian Health, LLC, 217 AD3d 1446, 1449 [4th Dept 2023]; see also Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] ["a release may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made"] [internal quotation marks omitted]).
Plaintiffs' fifth and sixth causes of action should have been dismissed as [*2]to BLITA because payment under the loan agreement terms is at issue and BLITA was not a party to the plaintiffs' loan agreement with the Lenders. Plaintiffs contend, inter alia, that the loan agreements and BLITA's participation agreement were executed at substantially the same time and were related to the same subject matter, and, therefore, should be regarded as contemporaneous writings and read together (see 1471 Second Corp. v NAT of NY Corp., 162 AD3d 449, 450 [1st Dept 2018]). However, the record shows that the situation is more akin to separate written agreements that involve different parties and serve different purposes, which, in this case, support a finding as a matter of law that they were not intended to be interdependent or somehow combined to form a unitary contract (Applehead Pictures LLC v Perlman, 80 AD3d 181, 189 [1st Dept 2010]). The seventh through ninth causes of action that relate to the guarantees should also be dismissed against BLITA due to its lack of privity on the loan agreements.
Furthermore, where, as here, the parties' note terms unambiguously preclude recovery for consequential damages, which includes lost profits, their damages claims should be dismissed (see e.g. Rising Sun Constr. L.L.C., 202 AD3d 557, 558 [1st Dept 2022]; Chan v Havemeyer Holdings LLC, 223 AD3d 403 [1st Dept 2024]).
Because we have dismissed all claims against BLITA, that defendant's personal jurisdiction argument is academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024