Jones v Jacobs (2025 NY Slip Op 00377)

Jones v Jacobs

2025 NY Slip Op 00377

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 152766/23 Appeal No. 3553-3554 Case No. 2024-02812 2024-03706 

[*1]Oscar Jones, Plaintiff-Appellant,
v
Steven B. Jacobs, Defendant-Respondent. 

Law Offices of Elliott S. Martin, Brooklyn (Elliott S. Martin of counsel), for appellant.
Steven B. Jacobs, respondent pro se.

Judgment, Supreme Court, New York County (Mary V. Rosado, J.), entered May 28, 2024, in favor of defendant, and bringing up for review an order, same court and Justice, entered on or about April 16, 2o24, which granted defendant's motion to dismiss the complaint and for a money judgment, unanimously reversed, on the law, with costs, the judgment vacated, the motion to dismiss denied, the complaint reinstated, and the matter remanded for further proceedings in accordance herewith. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff's complaint sufficiently alleges that the general release that was the basis for dismissal of the complaint was fraudulently induced based on defendant's misrepresentations upon which plaintiff justifiably relied (see Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC, 160 AD3d 596, 598 [1st Dept 2018]; see also CyCan, LLC v Palladian Health, LLC, 217 AD3d 1446, 1449-1450 [4th Dept 2023]). For example, the complaint alleges, among other things, that defendant induced plaintiff's signature on the release by stating that if plaintiff did not sign, defendant would withdraw a New York Gaming Commission complaint that plaintiff had urged defendant to file, when, in fact, there was no complaint to withdraw because defendant had falsely represented he had filed the complaint.
Upon a "detailed analysis of whether plaintiff had sufficiently alleged the existence of overreaching or unfair circumstances such that enforcement of the general release[] would be inequitable" (Trump v Trump, 217 AD3d 594, 594 [1st Dept 2023], lv denied 41 NY3d 906 [2024]), we concluded that dismissal of the complaint based on the release was not warranted.
We decline to dismiss the complaint based on the alternative arguments raised by defendant that were not ruled on by the motion court. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025