Pastrana-Ortiz v Wemple (2025 NY Slip Op 03425)

Pastrana-Ortiz v Wemple

2025 NY Slip Op 03425

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

228 CA 24-00985

[*1]RAFAEL PASTRANA-ORTIZ, PLAINTIFF-APPELLANT,
v
JENNIFER WEMPLE, DEFENDANT-RESPONDENT. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRIANNA D. CARROLL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 25, 2024. The order granted defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle he was driving was rear-ended by a vehicle operated by defendant. Supreme Court granted defendant's motion to dismiss the complaint on the ground that the action is barred by a release signed by plaintiff after the motor vehicle accident. Plaintiff contends on appeal that the court erred in granting the motion because there is a triable issue of fact whether the release was the result of fraud or mutual mistake, or whether he fairly and knowingly entered into the release. We agree with plaintiff that there are triable issues of fact with respect to mutual mistake and whether he fairly and knowingly entered into the release.
Generally, so long as the language used is clear and unambiguous, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]). Nonetheless, as a contractual agreement, a release "may be invalidated . . . for any of 'the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (id., quoting Mangini v McClurg, 24 NY2d 556, 563 [1969]). In addition, a release may also be set aside on the ground that it was not " 'fairly and knowingly made' " (Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033 [2d Dept 2023]; see generally Mangini, 24 NY2d at 567-568; Putnam v Kibler, 210 AD3d 1458, 1462-1463 [4th Dept 2022]), such as where, " 'because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it was deemed inequitable to allow the release to serve as a bar to the claim of an injured party' " (Haynes v Garez, 304 AD2d 714, 715 [2d Dept 2003], quoting Mangini, 24 NY2d at 567).
"Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111 [1969]). "In resolving a motion for dismissal pursuant to CPLR 3211 (a) (5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [2d Dept 2018] [internal quotation marks omitted]; see Divito v Fiandach, 160 AD3d 1356, 1357 [4th Dept 2018]).
Here, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground of release and submitted the written release, which contained clear and unambiguous language, thereby shifting the burden to plaintiff to show that there has been fraud, duress or some other fact that will be sufficient to void the release.
"A plaintiff seeking to invalidate a release due to fraud must establish the basic elements of fraud, namely a representation of a material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury" (Powell v Adler, 128 AD3d 1039, 1040 [2d Dept 2015] [internal quotation marks omitted]). Inasmuch as plaintiff did not submit in opposition to the motion any evidence that, inter alia, the statements made by representatives of defendant's insurance carrier were false or that he justifiably relied upon such statements in deciding to sign the release, he failed to show that the release was voidable based on fraud (cf. Cain-Henry v Shot, 194 AD3d 1465, 1466-1467 [4th Dept 2021]; see generally Gray v Miller, 248 AD2d 1000, 1001 [4th Dept 1998]).
A plaintiff seeking to invalidate a release on the ground that there was a mutual mistake with respect to the extent of the injuries that the plaintiff sustained must establish that, at the time the release was executed, "the parties were under '[a] mistaken belief as to the nonexistence of [a] presently existing injury' " (DiDomenico v McWhorter, 227 AD3d 1529, 1532 [4th Dept 2024], quoting Mangini, 24 NY2d at 564). "[I]n resolving claims of mutual mistake as to injury at the time of release, there has been delineated a sharp distinction between injuries unknown to the parties and mistake as to the consequence of a known injury" (Mangini, 24 NY2d at 564; see Schroeder v Connelly, 46 AD3d 1439, 1440 [4th Dept 2007]). "A mistaken belief as to the nonexistence of presently existing injury is a prerequisite to avoidance of a release" (Mangini, 24 NY2d at 564; see Schroeder, 46 AD3d at 1440), whereas "[i]f the injury is known, and the mistake . . . is merely as to the consequence, future course, or sequelae of [the] known injury, then the release will stand" (Mangini, 24 NY2d at 564). "Even where a releasor has knowledge of the causative trauma, . . . there must be actual knowledge of the injury. Knowledge of injury to an area of the body cannot cover injury of a different type and gravity" (id. at 565). Accepting the facts as alleged in the complaint as true and according plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Sacchetti-Virga, 158 AD3d at 784; see generally Matter of New York City Asbestos Litig., 33 NY3d 20, 25-26 [2019]), we agree with plaintiff that he sufficiently alleged facts on which to invalidate the release on the ground of mutual mistake inasmuch as, despite the fact that at the time the release was signed plaintiff had pain in the cervical spine and left hip and a diagnosis of a cervical strain, plaintiff alleged that neither party was aware of plaintiff's lumbar disc injuries or left hip degenerative joint disease at that time (see Finbel v Vasquez, 163 AD3d 1120, 1122 [3d Dept 2018]; Ford v Phillips, 121 AD3d 1232, 1235 [3d Dept 2014]; see generally Mangini, 24 NY2d at 565-566).
A plaintiff seeking to invalidate a release on the ground that it was not fairly and knowingly entered into must establish that "the release was signed by the plaintiff under circumstances that indicate unfairness, [or that] it was not 'fairly and knowingly' made" (Wei Qiang Huang, 222 AD3d at 1034). Again accepting the facts as alleged in the complaint as true and according plaintiff the benefit of every possible favorable inference (see Leon, 84 NY2d at 87-88; Sacchetti-Virga, 158 AD3d at 783), we agree with plaintiff that, in the complaint and his affidavit in opposition to the motion, he sufficiently alleged facts on which to invalidate the release on the ground of whether the release was fairly and knowingly entered into inasmuch as plaintiff averred in his affidavit in opposition to the motion that, inter alia, he signed the release a short time after the accident occurred, he is unable to fluently read, understand or speak English, he did not understand the release, at the time he signed the release he did not have an attorney, he was not provided with an interpretation of the release, and he needed money for a vehicle in order to attend medical appointments (see Applewhite v 112 Liberty Assoc., LLC, 233 AD3d 834, 835-836 [2d Dept 2024]; Wei Qiang Huang, 222 AD3d at 1034).
We therefore reverse the order, deny the motion, and reinstate the complaint.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court